**E-FILED**
Monday, 02 March, 2015 02:13:12 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| DONTE HENDERSON, | ) |
| Plaintiff, | ) |
| v. | ) No.: 08-1036-MMM |
| BRUCE BRAND, et al., | ) |
| Defendants. | ) |

## OPINION

This matter was set for 3/2/2015 jury trial to commence at 8:45 a.m. The Clerk had received a telephone call from Plaintiff, a former *pro* se prisoner no longer in custody, at approximately 8:15 a.m. on the morning of trial. Plaintiff indicated at that time that he was "more than two hours away from Peoria". The Clerk attempted to learn where Plaintiff was and the time at which he expected to arrive. Plaintiff would not, however, provide this information.

The Court convened at 8:40 a.m. Defendants were present in open court by Attorneys Chris Higgerson and Zech Feng. Thirty prospective jurors had been called and were waiting in the jury assembly room. The Pro Se Plaintiff was contacted via telephone. It should be noted that Plaintiff spoke very rapidly, in muffled tones. In addition he continued to "talk over" the judge and defense counsel though repeatedly asked to wait his turn. As a result, it was often difficult to determine what Plaintiff was saying.

The Court asked Plaintiff for his location. Plaintiff was originally heard to say he was on his way to a different courthouse, the federal courthouse in the Northern District of Illinois, where he would participate by video. When the Court questioned him further, Plaintiff stated that

it was difficult to get to Peoria as it takes three hours by road and five hours by Greyhound bus. When the Court again asked Plaintiff for his location, he indicated that he was at the train station. The Court asked why he hadn't made sufficient travel arrangements so that he would be here in time. Plaintiff's answers were unfocused and difficult to understand. He spoke of having a bag which he was going to take with him on the train. He also told the Court that he was indigent and that his Mother was dead, after having been shot in the head at some point in the past.

Plaintiff subsequently claimed that he had made arrangements for a ride to Peoria but that the driver could no longer taken him. He claimed to have made subsequent arrangements for another ride but that that driver was also unable to take him. Plaintiff also stated that he "hadn't expected the weather to do what it did". The Court subsequently checked the weather forecast in Chicago as to the conditions the morning of trial and in the preceding 24 hours. The morning of trial was cold, at 19º with passing clouds. There was no report of precipitation. The weather for the preceding 24 hours was also reported as cold without precipitation. As a result, the Court does not determine that adverse weather conditions prevented Plaintiff from appearing. http://www.timeanddate.com/weather/usa/chicago/historic.

The Court informed Plaintiff that it was not satisfied with his explanation. Attorney Chris Higgerson, defense counsel, addressed the Court. Mr. Higgerson noted that, as it takes three hours to travel by car from Chicago to Peoria, Plaintiff knew well in advance of 8:15 a.m. that he would not be here for the trial. Mr. Higgerson made an oral Motion to Dismiss for want of prosecution. The Plaintiff objected to the Motion indicating that he could travel to the Northern District Courthouse to commence the trial by video appearance, in anticipation of traveling to Peoria for the second day of trial. He also appeared to suggest that the Court could

tell the jury of the evidence and provide them the witness depositions so a verdict could be rendered.

The Court noted that it has taken some pains to make sure Plaintiff would appear for trial. (The Court had, in fact, directed the Clerk to contact Plaintiff the week prior to make sure he had made travel arrangements. At that time, Plaintiff had assured the Clerk he would appear). The Court GRANTED Defendants' Motion to Dismiss and instructed Plaintiff that he may file a Motion to Reconsider, in writing, indicating reasons why the case should not be dismissed.

**IT IS THEREFORE ORDERED:**

1. Defendants' oral Motion to Dismiss for Want of Prosecution is GRANTED as Plaintiff has failed to appear for the March 2, 2015scheduled jury trial and has not given a satisfactory reason for this failure;

2. The Clerk is directed to terminate this case, each party to bear their own costs, and vacate any deadlines or internal settings.

3. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed.R.App.P.4(a). If he wishes to appeal *in forma pauperis,* Plaintiff must set for the issues he plans to present on appeal so that this court can determine whether the appeal is undertaken in good faith. *See* Fed.R.App.P.24(a)(1)(C). If Plaintiff chooses to appeal, he will be liable for the $505 appellate filing fee regardless of the outcome of the appeal.

03/02/2015 _____s/ Michael M. Mihm_____
ENTERED JUDGE MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE